UNITED STATES DISTRICT AND BANKRUPTCY COURTS
FOR THE DISTRICT OF COLUMBIA

MICHAEL QUEEN,                        )
                                      )
       Plaintiff,                )
                                      )
       v.                        )   Civil Action No. 11-871 (BAH)
                                      )   Judge Beryl A. Howell
ED SCHULTZ,                           )
                                      )
       Defendant,                )
_____)


**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR ADMISSION
OF JEFFREY LANDA PRO HAC VICE**

     This response does not seek that the Court reconsiders the Order admitting Mr. Landa as counsel in this case.

     Counsel for plaintiff respect the right of each party to select counsel of his choice and, therefore, neither opposes nor consents to the motion now granted by the Court. Plaintiff's counsel has attempted to resolve an outstanding issue related to the motion with Mr. Landa. Under the circumstances plaintiff feels it appropriate to share the relevant information with the Court so that the element of surprise does not arise.

     In the complaint in this case there are numerous allegations at to facts demonstrating the Mr. Landa was an active participant in helping to create the deal between the parties, the deal which is at the heart of this case. Mr. Landa and the defendant both communicated directly with the plaintiff regarding their actions in that regard, thereby clearly removing the activities of Mr. Landa and Mr. Schultz from the protection of the attorney-client privilege.

1

In the answer in this case the defendant admits that Mr. Landa, "on behalf of Schultz" entered into an agreement with Mr. Queen. [For example, Complaint paragraph 24, page 4, Answer paragraph 24, page 5.]

In fact, it appears that Mr. Landa agreed to assume the role of partial paymaster for the pilot that the plaintiff produced for the defendant, according to Mr. Schultz. For example, the complaint asserts that "In the June 8, 2008, e-mail discussed above, Schultz stated 'Jeff (Landa) and I will pay for the pilot.'" [Complaint paragraph 48, page 6]. The defendant conceded the accuracy of that statement. [Answer, paragraph 48, page 9, "Schultz admits paragraph 48."] Further discovery may reveal the nature of the partnership between Mr. Schultz and Mr. Landa if such a relationship existed.

Both before the complaint was filed in this case, and immediately after it was filed, Mr. Landa made a number of statements to the news media, allegedly based upon his own knowledge, about issues that are contested and central to the case.

The purpose of having raised this issue with Mr. Landa before his Motion for Admission was made, and now informing the Court of this matter, is to acquaint the defendant, his counsel and the Court with the fact that the plaintiff intends to depose Mr. Landa and expects to call him at trial as a witness for the plaintiff. Of course, counsel for the plaintiff respects the attorney-client privilege and assures this Court that both during a deposition and during examination of Mr. Landa at trial, no inquiries will be made that can reasonably be argued to be an invasion of that privilege.

In an email letter to Mr. Lane, one of the attorneys for Mr. Queen, Mr. Landa has stated that he will consider stipulating to being called as a fact witness.

Respectfully submitted

_____/s/_____
MARK LANE
Member of the Bar of the District of Columbia
#445988
The Lane Law Firm
4 Old Farm Road
Charlottesville, VA 22903
Office: [434] 293-2349
Facsimile: [434] 293-9013
Email: mlane777@cs.com

_____/s/_____
FRAZER WALTON, JR.
Member of the Bar of the District of Columbia
#374301
920 Burns Street, S.E.
Washington, DC 20019
Office: [202]584-7572
Email: frawalton@verizon.net

Attorneys for Plaintiff

Dated: May 27, 2011