UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL QUEEN, )<br>)<br>     Plaintiff, )<br>)<br>v.                    )<br>                       )<br>ED SCHULTZ, )<br>)<br>     Defendant. )<br>_____ ) | Civil Action No. 11-871 (BAH)<br>Judge Beryl A. Howell |

## JOINT STATUS REPORT

Plaintiff and Defendant, by and through their respective counsel, hereby submit the instant Joint Status Report pursuant to the Court's September 3, 2014 Minute Order. The parties' respective positions are as follows:

1. **Referral for Mediation or Settlement**

   Plaintiff's Position: In light of Defendant's position (which has been consistent throughout this litigation), Plaintiff does not believe that mediation will be helpful or worthwhile.

   Defendant's Position: Defendant does not think that mediation will be helpful or worthwhile.

2. **Date for Pretrial Conference**

   Plaintiff's Position: Plaintiff can be prepared for and attend a pre-trial conference at any date beginning September 29, 2014 (except between October 7-10). As the Court of Appeals has directed that the issues remanded are for jury consideration and ripe for trial, there is no basis for the filing of a "dispositive motion," and accordingly no basis for any dispositive motion or further trial delays. Plaintiff intends to file a motion for sanctions based upon discovery violations, including but not limited to the failure to produce discoverable documents. Plaintiff maintains that a hearing on the motion should not prohibit, delay or impede setting an immediate pretrial and trial date.

   Defendant's Position: The defendant intends to file a dispositive motion and a motion for sanctions for discovery violations. Therefore, the defendant's position is that the date for a pre-trial conference should be set, if necessary, after a ruling on those motions. The record before the Court of Appeals was based primarily on the contract claim which was

contained in the plaintiff's complaint. The Court of Appeals made note of the fact that the plaintiff's complaint never uses the word partnership and contains no assertion of a breach of partnership duties. Upon remand the parties were permitted to conduct discovery, limited to the partnership claims. The discovery adduced evidence related to the un-pled partnership claim. The evidence was not part of the record before the Court of Appeals because the complaint did not claim a breach of partnership duties and, thus, no discovery was taken on such a claim. Based upon the discovery the defendant believes he has a viable motion for summary judgment. The defendant submits that the pretrial, if necessary, should be scheduled after a ruling on his dispositive motion. As to the motion for discovery sanctions, the defendant will seek dismissal of plaintiff's claim and attorney's and costs. Counsel for the defendant will meet and confer with counsel for the plaintiff the week of September 8th, now that the depositions taken on September 5, 2014 are finished.

3. **Dispositive Motions**

   Plaintiff's Position: Plaintiff does not intend to file any dispositive motions prior to trial. Defendant's position would thwart the mandate of the Court of Appeals decision, which clearly states "…insofar as Queen claims that he and Schultz formed a partnership to develop a television show and that Schultz breached his duty of loyalty under District of Columbia partnership law, Queen is entitled to present his claim to a jury." Queen v. Schultz, 747 F.3d 879, 888(D.C. Cir. 2014).

   Defendant's Position: Defendant intends to file a dispositive motion based upon the evidence developed during discovery after remand. The defendant respectfully requests that the date for filing such a motion be set for September 29 so that the transcripts of the deposition of Phil Griffin taken on September 4 will be available. The defendant respectfully requests that his motion for sanctions be due September 29th as well.

4. **Proposed Schedule to Control Further Proceedings**

   Plaintiff's Position: Plaintiff proposes that the Court set a pretrial conference between September 29 and October 24, 2014 (except for October 7-10) and, and set a trial date to begin on November 3, 10 or 17, 2014. As stated in Section 3, above, Defendant's position runs counter to the clear directive of the Court of Appeals, and would impose needless delay in these proceedings, and the filing of a "dispositive motion" would run counter to the mandate of the Court of Appeals.

   Defendant's Position: The defendant respectfully requests that his dispositive motion be due September 29, as discussed above. The time for filing an opposition and reply should follow the time requirements of the rules. Pretrial and trial dates can be set, if necessary, after a ruling on the motions.

Respectfully submitted,

*/s/ Steven W. Teppler*

Steven W. Teppler
District of Columbia Bar No. 445259
ABBOTT LAW GROUP, P.A.
*Co-Counsel for the Plaintiff*
2929 Plummer Cove Road
Jacksonville, FL
T: 202.253.5670
F: 904.292.1220
Email: steppler@abbottlawpa.com

*/s/ John C. Hayes, Jr.*

John C. Hayes, Jr.
District of Columbia Bar No. 183582
NIXON PEABODY LLP
*Counsel for the Defendant*
401 9th Street, N.W., Suite 900
Washington, D.C. 20004
T: 202.585.8345
F: 904.292.1220
Email: jhayes@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September 2014, a copy of the foregoing Response was sent by electronic mail to John C. Hayes, Jr., and by first-class mail to Jeffrey B. Landa, 1202 South 24th Avenue, Fargo, North Dakota 58103.

_____
Steven W. Teppler

4