IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL QUEEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:11cv00871 (BAH) |
| | ) |
| ED SCHULTZ, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF QUEEN'S RESPONSE TO DEFENDANT'S
MOTION FOR AWARD OF ATTORNEY'S FEES**

Defendant's motion for award of attorney's fees is frivolous, meritless and designed to harass the Plaintiff. Even if not considered frivolous, meritless and designed to harass, (which Plaintiff does not concede) Defendant's Motion is untimely, having been filed more than 14 days after the entry of judgment pursuant to Fed.R.Civ.P. (d)(2)(B)(i). *Rousseau v. Echosphere Corp.*, 2005 WL 2176839, at *4 (W.D. Pa. 2005). Moreover, "[i]n the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247 (1975). Simply put, Defendant's motion is also procedurally defective and does not delineate the basis or federal rule under which it is being brought; nor is there any District of Columbia law which, in a matter brought under the diversity jurisdiction of 28 USC §1332, would entitle Defendant to an award of attorneys

1

fees. Plaintiff can only assume, based upon the Defendant's rambling and repetitious arguments, that his motion is brought under Fed. Civ. Pro. Rule 54(d). However, it is significant to note that Defendant has failed to set forth any authority under the federal rules.

Assuming arguendo that Defendant is seeking attorney's fees based upon a sanctions theory, the Defendant's argument was previously made (and his motion denied) during this litigation and is being brought to harass and the Plaintiff and the Court. Defendant essentially makes three principle arguments; first that the Plaintiff allegedly acted in bad-faith or in a dilatory manner when, at the direction of the Court, he filed his amended complaint; second that Plaintiff Queen testified at trial that the "partnership was formed in the hallway at WRC in Washington on a January day in 2008, when he first met the defendant, and that the defendant was entitled to know that was the plaintiff's theory long before he took the stand at trial," and finally that the plaintiff refused to follow the Court's rules of evidence respect to the so-called 1200 emails, which were found in plaintiff's exhibits 1 and 2.

Defendant's arguments are nothing more than comments about pleading and procedural filing questions, Defendant's improper legal questions asked of Mr. Queen at trial and complaints about evidentiary trial issues. Defendant had been on notice as to the claims remanded for jury trial by the U.S. Court of Appeals for the District of Columbia Circuit in this matter (partnership formation and breach). There is nothing remotely significant about Defendant's motion that would justify a basis for the award of attorneys fees as a sanction, and the Defendant is well aware of this fact. Therefore, Mr. Schultz's motion for award of attorney's fees is in and of itself made in bad-faith.

2

**ARGUMENT**

Defendant is well aware that he is filing his motion for fees in bad-faith, so he initially qualifies his motion by admitting that "[w]hile it is true that the so-called American Rule" generally prevents the assessment of attorney's fees against the losing party, there are exceptions, including one that permits the assessment of fees if the losing party 'acted in bad-faith, vexatiously, wantonly, or for oppressive reasons." Defendant Schultz knows that none of grounds are vexatious or oppressive, and that Plaintiff's case is brought in good-faith, and litigated upon meritorious grounds.

Defendant previously filed his renewed motion for sanctions, which was denied on May 1, 2015. Defendant also filed three motions for summary judgment, each of which were denied. In addition, the Circuit Court of Appeals remanded this matter for trial on issues of partnership formation and breach of a partner's duties of loyalty.

At trial Plaintiff Queen was questioned by the Defendant and asked when the partnership began. Mr. Queen testified that the partnership began in January, 2008 when he met Mr. Schultz. Plaintiff's answer was true to the best of his knowledge, and it did not detract from the legal determination (of which Mr. Queen is not qualified or required to answer because it calls for a legal conclusion) as to when the actual partnership began based upon the oral, written or actions of the parties. This determination is made by the jury after instructions on the law given by the trial judge. Therefore, Defendant's argument regarding Mr. Queen's trial testimony is nonsensical and frivolous.

Second, Defendant also argues that plaintiff failed to timely seek leave to amend the complaint to include a specific claim involving an alleged partnership, and that he is forced to make assumptions about the precise contours of the plaintiff's partnership theory. These same

arguments were previously denied by the Court in Defendant's summary judgment motion. Rule 15(b)(2) expressly permits a motion to amend the pleadings to conform to the evidence to be made "at any time – even after the judgment – to amend the pleadings to conform to the evidence and to raise an unpleaded issue."

In addition, the Court and parties were prepared to immediately proceed to trial in July, 2014, and notwithstanding, the Defendant requested, and was granted, ample discovery time in connection with the issues of partnership formation and partner breach of loyalty issues, and engaged in extensive discovery activity, including depositions and document production requests.

Third, Plaintiff sought to introduce approximately 1200 emails at trial that were relevant and material to the issues before the Court. Defendant objected to many of the emails on several evidentiary grounds; the Court admitted many and excluded many. The email documents in exhibits 1 and 2 were all related to issues in the case, and of course where there are 1200 relevant trial documents, disputes will arise regarding document admissibility. There was no bad-faith involved because the plaintiff and defendant admitted to the authenticity of all 1200 emails. A fee award under the bad faith exception requires subjective bad faith – "some proof of malice entirely apart from inferences arising from the possible frivolous character of a particular claim." *Copeland v. Martinez,* 603 F.2d 981, 991 (D.C. Cir. 1979), *cert. denied,* 444 U.S. 1044 (1980). Defendant not only failed to show bad faith, but he totally failed to allege or show some proof of malice on the part of the plaintiff.

Defendant's assertions made in reliance on 28 U.S.C. §1927 is both inappropriate and made in bad faith. The D.C. Circuit requires that the conduct alleged be either reckless or in bad faith. *Pannonia Farms v. RE/MAX Intern., Inc.*, 2005 WL 3262902 (D.D.C. 2005). Here, the

4

D.C. Circuit remanded this matter for jury determination on issues of partnership formation and breach. When mandate from the D.C. Circuit issued, this Court almost immediately set this matter for pre-trial and trial. Defendant requested, and was granted virtually unbridled discovery on the issues of partnership formation and breach, submitted additional motions for summary judgment, sanctions, as well as a motion to supplement his answer, all of which were denied by the Court. Both pretrial hearing and trial took place in due course, and the jury rendered its decision.[1] Defendant's assertions do not in any way demonstrate the requisite findings of recklessness or bad faith necessary for the imposition of sanctions pursuant to 28 U.S.C. § 1927. To the contrary, the representations made be Defendant are egregious, intended merely to harass the Plaintiff, and are themselves sanctionable.

## CONCLUSION

It is more than clear that the Defendant's motives and actions in filing his motion for award of attorney's fees were untimely, made in bad faith as an after-thought well after the trial, and designed to harass the Plaintiff. Simply put, Defendant seeks attorneys fees merely because was the prevailing party at trial, which would fly in the face of the American Rule. Therefore, the motion should be denied in its entirety, and Plaintiff should be awarded attorney's fees as a sanction for the Defendant's bad faith conduct in filing this motion.

---

[1] Plaintiff does not by this statement either directly or by implication concede or waive any issues for appeal, whether or not raised and objected to by Plaintiff during pre-trial and trial.

Respectfully submitted,

ABBOTT LAW GROUP, P.A.

_____/s/_____
STEVEN W. TEPPLER
DC BAR NO:  445259
F. CATFISH ABBOTT
FL. BAR NO:  265292
*Co-Counsel for Plaintiff*
2929 Plummer Cove Road
Jacksonville, FL 32223
T:  904-292-1111
F:  904-292-1220
Email:  steppler@abbottlawpa.com
Email:  shartman@abbottlawpa.com

_____/s/_____
FRAZER WALTON, JR.
Member of the bar of District of Columbia #374301
920 Burns Street, SE
Washington, DC 20019
Office:  202-398-8920
Email:  frawalton@verizon.net

*Co-counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2015 a true and correct copy of the foregoing was served on Defendant's counsel John Hayes and Brian Whittaker by the Court's ECF.

_____/s/_____
SANDRA HARTMAN